No. 24-50442

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

ERIC CERVINI; WENDY DAVIS; DAVID GINS; TIMOTHY HOLLOWAY,

Plaintiffs-Appellees,

UNITED STATES OF AMERICA,

Intervenor-Appellee,

v.

DOLORES PARK,

Defendant-Appellant.

———————————

On Appeal from the United States District Court
for the Western District of Texas

———————————

**BRIEF FOR THE UNITED STATES**

———————————

BRIAN M. BOYNTON
*Principal Deputy Assistant*
*Attorney General*

JAIME ESPARZA
*United States Attorney*

GERARD SINZDAK
MAXWELL A. BALDI
*Attorneys, Appellate Staff*
*Civil Division, Room 7513*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 532-0211*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required as intervenor-appellee is a governmental party.  5th Cir. R. 28.2.1

## STATEMENT REGARDING ORAL ARGUMENT

Because the disposition of this appeal is squarely controlled by circuit precedent, the United States agrees with appellant that oral argument is not warranted. The government stands ready to present oral argument, however, if this Court believes that argument would assist the Court's consideration of the issues.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. iv

STATEMENT OF JURISDICTION ..................................................................... 1

STATEMENT OF THE ISSUES ......................................................................... 1

STATEMENT OF THE CASE .............................................................................. 2

SUMMARY OF ARGUMENT ............................................................................. 5

STANDARD OF REVIEW .................................................................................. 8

ARGUMENT ...................................................................................................... 9

I.   This Court lacks jurisdiction over Park's appeal from an interlocutory
     discovery order. ........................................................................................ 9

II.  The district court acted within its discretion when it denied Park's
     motion to compel discovery from the United States. .......................... 16

     A.   The district court did not abuse its discretion in declining to
          reopen discovery. ........................................................................... 16

     B.   The district court did not abuse its discretion in declining to
          compel discovery. ........................................................................... 20

III. Park is not entitled to a writ of mandamus. ......................................... 23

     A.   Park cannot establish that an extraordinary writ should issue to
          reverse the district court's discovery order. ................................ 24

     B.   Park cannot establish that an extraordinary writ should issue to
          reverse the district court's interpretation of the "support or
          advocacy" clause of § 1985(3). ...................................................... 25

CONCLUSION ................................................................................................. 28

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                        **Page(s)**

*A-Mark Auction Galleries, Inc. v. American Numismatic Ass'n,*
  233 F.3d 895 (5th Cir. 2000) ................................................................. 9, 10

*Apache Bohai Corp., LDC v. Texaco China, B.V.,*
  330 F.3d 307 (5th Cir. 2003) ............................................................... 24, 25

*Arizonans for Official English v. Arizona,*
  520 U.S. 43 (1997) ...................................................................................... 22

*Barron v. Wells Fargo Bank, N.A.,*
  No. A-12-CA-871-SS, 2013 WL 12121444 (W.D. Tex. Apr. 24, 2013) ................. 23

*Brown v. New Orleans Clerks & Checkers Union Local No. 1497,*
  590 F.2d 161 (5th Cir. 1979) ...................................................................... 14

*Carlsbad Tech., Inc. v. HIF Bio, Inc.,*
  556 U.S. 635 (2009) .................................................................................... 26

*Catlin v. United States,*
  324 U.S. 229 (1945) ...................................................................................... 9

*Cerda v. Blue Cube Operations, LLC,*
  95 F.4th 996 (5th Cir. 2024) ......................................................................... 8

*Cervini v. Cisneros,*
  593 F. Supp. 3d 530 (W.D. Tex. 2022) ........................................................... 2

*Cheney v. U.S. Dist. Court,*
  542 U.S. 367 (2004) .................................................................................... 25

*Chevron U.S.A., Inc., In re,*
  109 F.3d 1016 (5th Cir. 1997) ..................................................................... 24

*Cisneros v. Corpus Christi Indep. Sch. Dist.,*
  560 F.2d 190 (5th Cir. 1977) ...................................................................... 12

*Cohen v. Beneficial Indus. Loan Corp.,*
  337 U.S. 541 (1949) ...................................................................................... 9

*Complaint of C.F. Bean LLC, In re,*
  841 F.3d 365 (5th Cir. 2016) ...................................................................... 19

*Culberson v. Clay County*,
    98 F.4th 281 (5th Cir. 2024) ................................................................ 18

*Days Inn Worldwide, Inc. v. Sonia Invs.*,
    237 F.R.D. 395 (N.D. Tex. 2006) ........................................................ 17

*Dollar v. Long Mfg., N.C., Inc.*,
    561 F.2d 613 (5th Cir. 1977) .............................................................. 11

*First Baptist Church v. Church Mut. Ins. Co.*,
    105 F.4th 775 (5th Cir. 2024) ............................................................ 16

*Frame v. City of Arlington*,
    657 F.3d 215 (5th Cir. 2011) ................................................................ 3

*Goodman v. Harris County*,
    443 F.3d 464 (5th Cir. 2006) .............................................................. 10

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
    485 U.S. 271 (1988) ........................................................................... 10

*Itron, Inc., In re*,
    883 F.3d 553 (5th Cir. 2018) ........................................................... 9, 24

*Jefferson Parish, In re*,
    81 F.4th 403 (5th Cir. 2023) ....................................... 8, 9, 24, 25, 26

*JPMorgan Chase & Co., In re*,
    916 F.3d 494 (5th Cir. 2019) ................................................................ 8

*Leonard v. Martin*,
    38 F.4th 481 (5th Cir. 2022) ..................................................... 9, 10, 24

*McCollum v. Puckett Mach. Co.*,
    628 F. App'x 225 (5th Cir. 2015) ....................................................... 17

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009) ...................................................................... 10, 11

*Nash v. Chandler*,
    848 F.2d 567 (5th Cir. 1988) .............................................................. 22

*Newby v. Enron Corp.*,
    443 F.3d 416 (5th Cir. 2006) ......................................................... 15, 16

*1975-2 Grand Jury Investigation of Associated Milk Producers, Inc., In re*,
    566 F.2d 1293 (5th Cir. 1978) ............................................................ 14, 15

*Nugent v. Gaston*,
    42 F.3d 641 (5th Cir. 1994) ................................................................ 27

*Peel & Co. v. Rug Mkt.*,
    238 F.3d 391 (5th Cir. 2001) .............................................................. 27

*Perillo v. Johnson*,
    79 F.3d 441 (5th Cir. 1996) ................................................................ 27

*Periodical Publishers Serv. Bureau, Inc. v. Keys*,
    981 F.2d 215 (5th Cir. 1993) .............................................................. 13

*Taxotere (Docetaxel) Prod. Liab. Litig., In re*,
    966 F.3d 351 (5th Cir. 2020) .............................................................. 18

*Ruotolo v. Ruotolo*,
    572 F.2d 336 (1st Cir. 1978) .............................................................. 21

*Swint v. Chambers Cty. Comm'n*,
    514 U.S. 35 (1995) .............................................................................. 14

*Tennessee v. Garner*,
    471 U.S. 1 (1985) ................................................................................ 22

*Tullius, In re*,
    500 F. App'x 286 (5th Cir. 2012) ....................................................... 12

*United States v. Beaumont*,
    972 F.2d 553 (5th Cir. 1992) .............................................................. 16

*United States ex rel. Aldridge v. Corporate Mgmt., Inc.*,
    78 F.4th 727 (5th Cir. 2023), *cert. denied*,
    144 S. Ct. 694 (2024) ........................................................................... 8

*Volkswagen of Am., Inc., In re*,
    545 F.3d 304 (5th Cir. 2008) .............................................................. 24

*Willy, In re*,
    831 F.2d 545 (5th Cir. 1987) .............................................................. 10

*Wiwa v. Royal Dutch Petroleum Co.*,
    392 F.3d 812 (5th Cir. 2004) .............................................................. 12

## Statutes:

28 U.S.C. § 517 ................................................................................ 20

28 U.S.C. § 1291 ......................................................................... 1, 5, 9

28 U.S.C. § 1294(1) ......................................................................... 13

28 U.S.C. § 1331 ............................................................................... 1

28 U.S.C. § 1367 ............................................................................... 1

28 U.S.C. § 1367(a) .......................................................................... 26

28 U.S.C. § 1651 ............................................................................... 1

28 U.S.C. § 2403(a) ........................................................ 3, 7, 12, 20, 21

28 U.S.C. § 2403(b) .......................................................................... 21

42 U.S.C. § 1985(3) ........................................................ 1, 2, 3, 8, 15, 21

## Rules:

Fed. R. App. P. 4(a)(1)(B) .................................................................. 1

Fed. R. Civ. P. 5(a)(1) ...................................................................... 15

Fed. R. Civ. P. 16(b)(4) ..................................................................... 18

Fed. R. Civ. P. 26(b)(1) ................................................................. 7, 23

Fed. R. Civ. P. 45(d)(3) ..................................................................... 12

W.D. Tex. L.R. CV-16(e) .................................................................... 23

## Other Authority:

Caleb Nelson, *Intervention*,
   106 Va. L. Rev. 271 (2020) ............................................................ 20

## STATEMENT OF JURISDICTION

Plaintiffs invoked the jurisdiction of the district court under 28 U.S.C. §§ 1331 and 1367.  ROA.1783.  The district court entered an order denying defendant-appellant Dolores Park's motion to compel on May 29, 2024.  ROA.21887.  Park filed a timely notice of appeal on May 30, 2024.  ROA.21918-19; *see* Fed. R. App. P. 4(a)(1)(B).

Jurisdiction in this Court is contested.  *See infra* pp. 9–16.  Park asserts jurisdiction under 28 U.S.C. §§ 1291 and 1651.  *See* Br. 1, 17.

## STATEMENT OF THE ISSUES

This dispute between private parties arises under state law and 42 U.S.C. § 1985(3).  Because several defendants, including Park, questioned the constitutionality of certain interpretations of the "support or advocacy" clause of § 1985(3), including the United States' interpretation of the statute, the United States intervened for the limited purpose of defending the validity of the statute as properly interpreted.  Park filed a motion to compel discovery from the United States, which the district court denied.

The questions presented are:

I.  Whether this Court lacks appellate jurisdiction over this interlocutory appeal from an order denying discovery.

II.  Whether the district court acted within its discretion in denying Park's motion to compel discovery.

III.  Whether Park has failed to establish her entitlement to a writ of
mandamus.

## STATEMENT OF THE CASE

1.  Plaintiffs are individuals who, according to their complaint, were traveling
through Texas on a presidential campaign tour in late October 2020 in support of
then-presidential candidate Joseph Biden.  ROA.1776-77, 1780.  They allege that
defendants—six individuals including Park—conspired to intimidate them out of
supporting a candidate for federal office by, among other things, attempting to run
their campaign bus off the road.  ROA.1797-825, 1833.  Plaintiffs sued defendants,
asserting claims under 42 U.S.C. § 1985(3) and Texas tort law.  ROA.1832-36.
*See generally Cervini v. Cisneros*, 593 F. Supp. 3d 530, 532–33 (W.D. Tex. 2022).

Discovery in this case closed on December 12, 2023, ROA.10559, although the
district court allowed defendants to seek discovery after that deadline from three
belatedly identified fact witnesses, ROA.21622.  Following the close of discovery, four
defendants, including Park, moved for summary judgment.  ROA.15871, 15896–904.
Three defendants included arguments drawing into question the constitutionality of
the "support or advocacy" clause of 42 U.S.C. § 1985(3).  *See* ROA.15882-83 (section
of Park's summary judgment brief captioned "Plaintiffs' Reading of the Support-or-
Advocacy Clause Violates Article I of the U.S. Constitution"); ROA.15887–89
(section of Park's summary judgment brief captioned "Involvement in a Trump Train
is Protected Activity and Cannot Support a Claim under the Support-or-Advocacy

Clause Without Running Afoul of the First Amendment"); ROA.15906 (Cisneros'

brief adopting Park's arguments).

2. The United States intervened in this action on April 5, 2024, pursuant to its

authority under 28 U.S.C. § 2403(a). ROA.21686-88. That provision gives the United

States the unconditional right "[i]n any action, suit or proceeding in a court of the

United States . . . wherein the constitutionality of any Act of Congress affecting the

public interest is drawn in question . . . to intervene for presentation of evidence, if

evidence is otherwise admissible in the case, and for argument on the question of

constitutionality." 28 U.S.C. § 2403(a); *see also Frame v. City of Arlington*, 657 F.3d 215,

236 & n.105 (5th Cir. 2011) (en banc) (the United States may intervene when a party

has asserted that a particular interpretation of a statute would render its application

unconstitutional). Once the United States intervenes, it "shall, subject to the

applicable provisions of law, have all the rights of a party and be subject to all

liabilities of a party as to court costs to the extent necessary for a proper presentation

of the facts and law relating to the question of constitutionality." 28 U.S.C. § 2403(a).

In its memorandum in support of intervention, the United States made clear that it

was intervening "for the limited purpose of defending the constitutionality of the

'support or advocacy' clause of 42 U.S.C. § 1985(3) and advising the Court on the

proper interpretation of the statute." ROA.21699. It further stated that it "takes no

position on the merits of the original parties' other arguments or any factual disputes

3

in the case." ROA.21699. Park objected to the United States' intervention. *E.g.*, ROA.21740-66.

After the United States intervened, Park served interrogatories and requests for production on the United States. *See* ROA.21842-66. The United States explained to Park that it would not respond to her requests because discovery had closed and because the United States' limited intervention did not "render the United States a party subject to discovery." ROA.21867. It also emphasized that it was taking no position on the parties' factual disputes and had not "conduct[ed] any factual investigation in connection with its intervention in this case." ROA.21868.

Park moved to compel the United States to respond to her discovery requests. ROA.21840. In the alternative, she moved to reopen discovery to allow her to seek discovery from the United States. ROA.21840.

3. The district court denied Park's motion for two reasons. ROA.21883-87. First, it held that Park's requests were untimely because she served them after discovery had closed. ROA.21883. It also held that Park had not shown good cause to modify the discovery schedule because she had "not adequately explained why the requested discovery is relevant to her case and how she would be prejudiced if the Court did not allow her to seek this discovery." ROA.21883-84. The court found Park's silence on the relevance of her discovery requests to be "particularly important" because there was "no indication" that the United States had developed evidence relevant to its intervention in this case. ROA.21884. Second, it held that

Park's discovery request was improper because "the United States is not subject to discovery due to the limited nature of its status as an intervening party." ROA.21885-86. The court reasoned that, "where the United States has only intervened as to the legal interpretation of a federal statute and has taken no position as to the facts of the case, factual discovery would not be necessary to the United States's intervention or other parties' responses to its intervention." ROA.21886-87.

4. Park appealed. ROA.21918. In her notice of appeal, she asserted that the district court's order "is immediately appealable as of right under the collateral order doctrine." ROA.21918 (citing 28 U.S.C. § 1291).

The United States moved to dismiss Park's appeal for lack of appellate jurisdiction. *See* Motion to Dismiss (July 1, 2024), Dkt. 32. That motion remains pending.

## SUMMARY OF ARGUMENT

I. This Court lacks jurisdiction over this appeal. The relevant jurisdictional statute, 28 U.S.C. § 1291, confers jurisdiction on this Court to review only final judgments entered by the district court. Discovery orders, like the one Park appeals from, are not final judgments because they do not end the litigation on the merits.

Nor is the discovery order at issue here immediately appealable under the collateral order doctrine. The collateral order doctrine provides a narrow and limited exception to the final judgment rule. Among other limits, it is available only when a postjudgment appeal cannot provide adequate relief. Here, a postjudgment appeal

can address any purported error in the district court's resolution of this routine discovery order.

II. If this Court had jurisdiction to review the district court's order, Park's challenge to that order would fail. The district court acted within its discretion when it denied Park's motion to compel. The district court offered two independent reasons for denying the motion. First, the district court held that discovery had already closed and that Park had not provided an adequate justification for reopening it. Second, the district court held that Park had not shown her entitlement to the discovery she sought. Both rationales were correct, and either is sufficient to support the district court's order.

Park does not address in her opening brief the district court's first reason for denying her motion to compel—namely, that her request was untimely and that she failed to provide an adequate justification for reopening discovery. Accordingly, she has forfeited any argument that the district court abused its discretion in declining to reopen discovery. And even if Park had preserved a challenge to the district court's decision not to reopen discovery, the district court did not err in concluding that Park failed to articulate any justification for reopening the long-since-closed discovery period in this case.

The district court also acted within its discretion when it determined that, even if Park's motion to compel had been timely, she failed to demonstrate her entitlement to discovery from the United States. The United States intervened in this case for the

limited purpose of presenting legal arguments in defense of the constitutionality of a federal statute.  In intervening, the United States did not become a party for all purposes.  Rather, it obtained "all the rights of a party . . . to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." 28 U.S.C. § 2403(a).  Because the United States is not weighing in on any factual issues and because the United States has not conducted any factual investigation in connection with its intervention, its limited intervention does not subject it to discovery.  And, on top of all of that, Park has failed to demonstrate why her discovery requests are likely to produce relevant information.  *See* Fed. R. Civ. P. 26(b)(1).

The district court did not abuse its wide latitude to manage discovery when it denied Park's motion to compel.

III.  Park has not made the extraordinary showing required to obtain either of the two forms of mandamus relief she seeks.

Park's efforts to obtain a writ of mandamus to require the district court to grant her motion to compel fail for the same reason that this Court lacks appellate jurisdiction:  A postjudgment appeal offers Park an adequate alternative remedy. What's more, Park has not shown that the district court erred at all, much less that it has committed the kind of wanton abuse of its judicial authority that would merit mandamus.

Park also seeks (for the third time) a writ of mandamus asking this Court to superintend the district court's interpretation of the "support or advocacy" clause of 42 U.S.C. § 1985(3). This Court rejected her previous efforts and, as Park has failed to explain why the results should be any different here, it should do so again.

## STANDARD OF REVIEW

This Court reviews the denial of a motion to compel discovery for abuse of discretion. *Cerda v. Blue Cube Operations, LLC*, 95 F.4th 996, 1004 (5th Cir. 2024). "A trial court enjoys wide discretion in determining the scope and effect of discovery, and it is therefore unusual to find an abuse of discretion in discovery matters. Even if a district court abuses its discretion, the reviewing court will not overturn its ruling unless it substantially affects the rights of the appellant." *Id.* (cleaned up). The "standard of review in cases where a party seeks to reopen discovery poses a high bar; a district court's discretion in discovery matters will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *United States ex rel. Aldridge v. Corporate Mgmt., Inc.*, 78 F.4th 727, 750 (5th Cir. 2023) (cleaned up), *cert. denied*, 144 S. Ct. 694 (2024).

"Mandamus is an extraordinary form of relief saved for the rare case in which there has been a 'usurpation of judicial power' or a 'clear abuse of discretion.'" *In re Jefferson Parish*, 81 F.4th 403, 406 (5th Cir. 2023) (quoting *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019)). To obtain a writ of mandamus, a petitioner must show "(1) that there is a 'clear and indisputable' right to the writ; (2) that there are 'no

other adequate means to attain the relief' requested; and (3) that the appellate court's exercise of discretion to issue the writ would be 'appropriate under the circumstances.'" *Id.* at 409 (quoting *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018)).

## ARGUMENT

### I.    This Court lacks jurisdiction over Park's appeal from an interlocutory discovery order.

1. This Court has jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. The district court's discovery order is not a "final" order under § 1291. As this Court has recognized, discovery orders, like the district court's, "do not 'end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment.'" *A-Mark Auction Galleries, Inc. v. American Numismatic Ass'n*, 233 F.3d 895, 897 (5th Cir. 2000) (alterations in original) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Accordingly, "discovery orders do not constitute final decisions under § 1291 and are not immediately appealable." *Id.*

The district court's order also does not belong to the narrow set of rulings that are immediately appealable under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949)). "To fit within the small class of immediately appealable collateral rulings, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Leonard v. Martin*, 38 F.4th 481, 486 (5th Cir. 2022) (quotation marks

omitted).  "If the order at issue fails to satisfy any one of these requirements, it is not

appealable under the collateral-order exception to § 1291." *Gulfstream Aerospace Corp.*

*v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988).

It is a "well-settled rule in this circuit that discovery orders may not be appealed

under the *Cohen* exception." *A-Mark Auction Galleries*, 233 F.3d at 899; *see also Goodman*

*v. Harris County*, 443 F.3d 464, 467 (5th Cir. 2006) (discovery orders "are not

appealable under the *Cohen* collateral order doctrine" (quotation marks omitted)); *In re*

*Willy*, 831 F.2d 545, 549 (5th Cir. 1987) ("Orders denying or directing discovery are

interlocutory and so not appealable except as part of the final decision disposing of

the case on the merits."evel).  The Supreme Court likewise has "denied review of pretrial

discovery orders" via the collateral order doctrine—even when the discovery

permitted is alleged to violate attorney-client privilege—because "postjudgment

appeals generally suffice to protect the rights of litigants" who have lost discovery

disputes. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108–09 (2009) (quotation

marks omitted).

The district court's order here illustrates why discovery orders as a class do not

satisfy the *Cohen* criteria.  A discovery order neither presents an "important issue" nor

is "effectively unreviewable on appeal from a final judgment." *Leonard*, 38 F.4th at

486 (quotation marks omitted).  Park's motion teed up a routine discovery dispute.

She sought information from the government, and the district court declined to

compel the government to produce it.  Nothing distinguishes the district court's order

from countless other non-final discovery orders for which Congress has decided to limit review to postjudgment appeals. Federal litigation would not function if litigants could immediately seek review of every adverse discovery order. *See Mohawk Indus.*, 558 U.S. at 106 ("Permitting piecemeal, prejudgment appeals, we have recognized, undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation.").

The discovery dispute that gives rise to this appeal is also especially unimportant, underscoring that discovery orders generally do not satisfy the *Cohen* criteria. Here, the United States has not taken a position on the factual dispute between the parties and it "did not collect or review evidence, interview parties or witnesses, or otherwise conduct any factual investigation in connection with its intervention in this case." ROA.21868. Thus, as the district court recognized, it is unclear what relevance the requested discovery would have to Park's arguments in this case. *See* ROA.21883-84. Tellingly, Park herself did not explain the relevance of her request or identify the prejudice she would suffer if the Court did not allow here to seek that discovery. ROA.21884.

The denial of Park's motion to compel discovery is also reviewable following final judgment. If Park prevails, the issue will become irrelevant. If she does not, she may raise as an appellate issue her inability to access the information she sought. *See, e.g., Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) (denial of motion to compel may constitute reversible error); *see also Mohawk Indus.*, 558 U.S. at 109

(explaining that postjudgment review suffices for most discovery disputes including those involving attorney-client privilege).

2. Park's reliance (at 13–14) on *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004), does not advance her cause. Unlike the subpoena recipient in *Wiwa*, the United States is a party to this case. *See* 28 U.S.C. § 2403(a); *see also Cisneros v. Corpus Christi Indep. Sch. Dist.*, 560 F.2d 190, 191 (5th Cir. 1977) (per curiam) (explaining that § 2403(a) "creates an absolute right of intervention"). And, in any event, *Wiwa* articulated a rule applicable only to out-of-circuit ancillary discovery proceedings. *Wiwa* involved a third-party subpoena issued to a Houston-based witness as part of litigation pending in the Southern District of New York. 392 F.3d at 814; *see* Fed. R. Civ. P. 45(d)(3) (motions to quash are heard in the district where the witness is to comply with the subpoena). The order of the Southern District of Texas quashing the subpoena was not reviewable following final judgment in the underlying litigation because any appeal of that judgment would lie to the Second Circuit, and that court would have "no authority to upset a discovery order entered by a district court in this circuit." *Wiwa*, 392 F.3d at 816–17 (quotation marks omitted). Because no other form of appellate review was possible, this Court held that the order quashing the subpoena was immediately appealable. *See id.*

*Wiwa*'s limited exception permitting appeals from discovery orders does not apply where the underlying proceedings take place in the Fifth Circuit—let alone in the same case. *See In re Tullius*, 500 F. App'x 286, 293 (5th Cir. 2012) (unpublished )

("*Wiwa* is inapposite to the instant case, however, because these underlying bankruptcy proceedings took place in *this* circuit . . . ."); *see also Periodical Publishers Serv. Bureau, Inc. v. Keys*, 981 F.2d 215, 217–18 (5th Cir. 1993) (holding that "parties cannot appeal orders denying discovery from a non-party when the discovery and trial courts are in the same circuit"). Here, unlike in *Wiwa*, the order denying discovery is reviewable in this Court following final judgment. An appeal from final judgment would lie in this Court, *see* 28 U.S.C. § 1294(1), which would then have jurisdiction to review the district court's order denying Park's discovery request. Accordingly, Park must wait until final judgment to seek appellate review of the order.

3. Park's argument that this Court has jurisdiction because it can review the district court's "order granting intervention" also fails for three separate reasons.

a. First, although Park states that the district court overruled her objection to the United States' intervention, Br. 16, she does not challenge the United States' intervention in her opening brief. Instead, she argues that the United States, as an intervenor, is a full party to the case and must adhere to the rules governing party discovery. *See* Br. 18–26. Thus, even assuming the district court's "recognition of the United States' status as an intervenor under 28 U.S.C. § 2403," Br. 16, qualified as a ruling that was immediately appealable, Park has not challenged that ruling. The propriety of the United States' intervention is, accordingly, not before this Court. Therefore, regardless of what the district court's order says about intervention, Park cannot use an unchallenged purported ruling on intervention to bootstrap her way

into appellate jurisdiction on a different, unappealable issue. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995).

b. Second, the district court did not address the United States' intervention in the order from which Park appealed. The district court's order addressed only Park's discovery motion. *See* ROA.21883-86. Nor has Park, for example, moved to strike the United States' intervention and obtained a ruling.[1] There is no order addressing intervention from which Park could have appealed, and thus, for this reason too, the question whether the United States' intervention was appropriate is not before this Court.

c. Third, even if Park had appealed from an order permitting the United States to intervene, such an order would not be immediately appealable under the collateral-order doctrine. An order granting intervention generally is not immediately appealable. *In re 1975-2 Grand Jury Investigation of Associated Milk Producers, Inc.*, 566 F.2d 1293, 1301 (5th Cir. 1978). Rather, once a party has intervened, it and the original parties will continue to litigate the case, and the issue of intervention can be resolved following final judgment. *See Brown v. New Orleans Clerks & Checkers Union Local No. 1497*, 590 F.2d 161, 164 (5th Cir. 1979).

---

[1] If Park's response, ROA.21740-66, to the United States' Notice of Intervention is construed as a motion to strike, then Park's challenge is unripe because the district court has not yet ruled on that request for relief.

Park's reliance (at 14–15) on *Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006), is misplaced. In *Newby*, a regulatory agency intervened in litigation between private parties "for the purpose of gaining access to discovery protected by court order." *Id.* at 418. Because the agency had "no stake in the merits of the underlying action" and solely sought access to confidential materials, the order granting intervention was a collateral order as otherwise it would be effectively unreviewable. *See id.* at 420. Here, by contrast, the United States has a stake in how the constitutionality and proper interpretation of the "support or advocacy" clause of 42 U.S.C. § 1985(3), and the United States will continue to maintain that stake if this case is appealed following final judgment. The limited exception articulated in *Newby*, therefore, does not apply.

Park's reading of *Newby* would eliminate the general rule that grants of intervention are not immediately appealable. *See Associated Milk Producers*, 566 F.2d at 1301. Park asserts (at 15–17) that, because the United States "is subject to the Court's e-filings and entitled to service, including service of sealed documents" and is able to "participate in the upcoming trial," she is entitled to an immediate appeal. But Park's argument simply describes the attributes of a party. Parties must be served with filings, Fed. R. Civ. P. 5(a)(1), and may participate in proceedings.[2] When the purpose

---

[2] In this case, the United States has not been served with any non-public filings, has not designated anyone to receive confidential information under the protective order issued by the district court, *see* ROA.1110-19, and has not intervened for any purpose other than defending the constitutionality of the § 1985(3) "support or advocacy" clause and stating the views of the United States on the proper interpretation of the statute.

of a party's intervention is not limited to accessing discovery materials, incidental access to filings cannot support collateral-order jurisdiction. Here, "intervention is only one step along the path to reaching a final judgment" from which an appeal may be heard. *Newby*, 443 F.3d at 420.

## II.    The district court acted within its discretion when it denied Park's motion to compel discovery from the United States.

The district court offered two separate reasons for denying Park's motion to compel. First, the district court held that discovery had already closed and that Park had not provided an adequate justification for reopening discovery. ROA.21883-84. Second, the district court held that Park had not shown her entitlement to the discovery she sought. ROA.21885-86. Each of those reasons offers independently sufficient grounds to sustain the district court's decision, but Park contests only the second.

### A.    The district court did not abuse its discretion in declining to reopen discovery.

1. "'Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned.'" *First Baptist Church v. Church Mut. Ins. Co.*, 105 F.4th 775, 791 n.6 (5th Cir. 2024) (quoting *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (per curiam)). Because Park failed to contest the district court's holding that her discovery request was untimely and that she had not justified reopening discovery, she has forfeited any argument to the contrary.

Once discovery is closed, a party is not entitled to further discovery, and the district court has discretion to deny any untimely discovery requests, as the district court did here. *See McCollum v. Puckett Mach. Co.*, 628 F. App'x 225, 228 (5th Cir. 2015) (per curiam) (unpublished) (district court has discretion to deny motion to compel filed after discovery deadline); *see also Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397–98 (N.D. Tex. 2006) (collecting cases) (motion to compel must be filed before discovery closes). Thus, this Court may affirm the district court's order based solely on Park's forfeiture of this dispositive issue.

2. In any event, the district court properly exercised its discretion in concluding that discovery had already closed and that Park had failed to justify reopening it.

Park submitted her requests for discovery from the United States after the close of discovery. The operative scheduling order in this case is crystal clear: "The parties shall complete all discovery on or before December 12, 2023." ROA.10559 (underlining omitted). The district court permitted only one deviation from that cut-off. When plaintiffs identified three fact witnesses in March 2024 (after their Rule 26(a) disclosure deadline), the district court permitted them to amend their disclosure to cover these late-breaking witnesses. ROA.21622. And because defendants asserted that they would be prejudiced because they could not depose these three witnesses, the district court ordered "that the scheduling order in this case is amended to allow the parties to seek discovery from Yaniv Schiff, Todd Price, and John Polizzi [the

17

three new witnesses]" and further ordered that "[d]iscovery [with respect to those fact witnesses] shall be completed on or before May 20, 2024."  ROA.21622 (emphasis omitted); *see also* ROA.21880 (explaining that "[t]o cure the minimal prejudice that Defendants would face by allowing the amended disclosures, the Court also amended the scheduling order to allow the parties to seek discovery from Schiff, Price, and Polizzi").  For all other purposes, discovery was closed.  ROA.21883 ("The Court's March 22 order only re-opened discovery for the limited purpose of allowing the parties to seek discovery from the three newly disclosed fact witnesses that were the subject of [p]laintiffs' motion for leave to file amended disclosures."); *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 359 (5th Cir. 2020) (court of appeals "review[s] a district court's interpretation of its own orders with deference").  Discovery was thus over in April 2024 when Park served her interrogatories and requests for production on the United States.  *See* ROA.21846-47, 21865-66 (reflecting April 19, 2024 service date).

To obtain discovery from the United States, Park, therefore, bore the burden of demonstrating good cause for reopening discovery.  *See* Fed. R. Civ. P. 16(b)(4).  She failed to do so.  In evaluating good cause to modify a discovery schedule, courts look to (1) the reason for delay, (2) the importance of the evidence sought, (3) the potential for prejudice, and (4) the availability of a continuance to mitigate any prejudice.  *Culberson v. Clay County*, 98 F.4th 281, 285 (5th Cir. 2024).  The district court held that "Park has not adequately explained why the requested discovery is

relevant to her case and how she would be prejudiced if the Court did not allow her to seek this discovery." ROA.21883. It noted that "nowhere in her motion does she explain why her expansive discovery requests are relevant to her case." ROA.21884. The district court explained that "Park's silence on the relevance of her discovery requests is particularly important" when the United States had not conducted any factual investigation related to its intervention. ROA.21884. And the district court further explained that Park offered only a threadbare recital that she would be prejudiced absent discovery and failed to show how she would be harmed. *See* ROA.21884; *see also* ROA.21839 (asserting only that "Ms. Park would be greatly prejudiced by not being allowed to pursue discovery from an intervening party").

In reaching that conclusion, the district court acted well within its considerable discretion to manage discovery and scheduling matters. *See, e.g.*, *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 374–75 (5th Cir. 2016) (affirming decision not to permit late discovery as within the discretion of the district court despite encouraging the district court on remand to reconsider limited reopening). Indeed, on appeal, Park once again fails to identify the possible relevance of her requests for discovery from the United States or identify any prejudice she will suffer if she is unable to obtain a response to her requests.

19

**B.    The district court did not abuse its discretion in declining to compel discovery.**

1.  Even setting aside the untimeliness of Park's discovery requests, Park failed to show that she was entitled to the discovery she sought in these circumstances.  For this independent reason, the district court acted within its discretion when it denied her motion to compel.

When federal interests are implicated, the United States has several unique tools to participate in private litigation.  For example, it has an absolute right to appear in any case (whether state or federal) to file a statement of interest or amicus brief.  *See* 28 U.S.C. § 517.  Sometimes, however, mere amicus participation is not enough.  For example, a party appearing as amicus has no right to appeal an adverse decision.  Thus, if appearing as an amicus, the United States would lack the right to appeal a decision striking down a federal statute as unconstitutional, notwithstanding the federal government's interest in defending the constitutionality of federal legislation.  Accordingly, Congress also provided the federal government an absolute right to intervene in any federal case "wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question."  *Id.* § 2403(a); *see* Caleb Nelson, *Intervention*, 106 Va. L. Rev. 271, 325 n.246 (2020) (discussing history and purpose of § 2403(a)).  In such cases, the United States has "all the rights of a party and [is] subject to all liabilities of a party as to court costs," but its intervention—both in terms of rights and liabilities—is limited "to the extent necessary for a proper

presentation of the facts and law relating to the question of constitutionality."

28 U.S.C. § 2403(a); *see, e.g.*, *Ruotolo v. Ruotolo*, 572 F.2d 336, 338–40 (1st Cir. 1978)

(discussing limits on scope of United States' intervention).  This participation may

include interpreting and applying the challenged statute, but it does not necessarily

include participation for all purposes.

The United States intervened in this case under § 2403(a) "for the limited

purpose of defending the constitutionality of the 'support or advocacy' clause of

42 U.S.C. § 1985(3) and advising the Court on the proper interpretation of the

statute."  ROA.21699; *see also* ROA.21884 (district court recognizes that "[t]he United

States has intervened solely to offer its views on the legal interpretation of § 1985(3)").

It has "take[n] no position on the merits of the original parties' other arguments or

any factual disputes in the case."  ROA.21699.  And it "did not collect or review

evidence, interview parties or witnesses, or otherwise conduct any factual investigation

in connection with its intervention in this case."  ROA.21868.  Under these

circumstances, where the United States' participation does not involve presentation

on any adjudicative facts related to the constitutionality of the "support or advocacy"

clause, the United States is not subject to the same discovery obligations as the parties

litigating the case.  Indeed, in such circumstances, the United States is unlikely to

possess factual information relevant to its intervention in the litigation.

Accordingly, the district court did not err in denying Park's motion to compel

based, in part, on its conclusion that "the United States' intervention under § 2403(a)

does not subject it to the same discovery obligations that the Federal Rules of Civil Procedure impose on other parties." ROA.21885; *cf. Tennessee v. Garner*, 471 U.S. 1, 22 (1985) (intervention by a State under 28 U.S.C. § 2403(b) does not render it subject to liability on the same terms as other parties); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 70 n.25 (1997) (same); *Nash v. Chandler*, 848 F.2d 567, 573–74 (5th Cir. 1988) (same). Rather, as the district court correctly held, "[i]n a case like this, where the United States has only intervened as to the legal interpretation of a federal statute and has taken no position as to the facts of the case, factual discovery would not be necessary to the United States's intervention or other parties' responses to its intervention." ROA.21886.

Park's argument to the contrary is unavailing. Park principally argues against a strawman: She contests the "finding that the Federal Rules of Civil Procedure should not apply here to the Intervenor, the United States." Br. 26. Of course, the district court held no such thing, and the United States has advanced no such argument. No one thinks that the United States may participate in this litigation wholly untethered from basic procedural rules. And in some circumstances—for example when the United States intervenes in a case in order to present facts relevant to the constitutionality of a statute—there might be a stronger case for subjecting the United States to discovery. Where, however, the United States intervenes to participate only on legal questions and does not opine on the facts, its limited intervention—only "to

the extent necessary for a proper presentation of the . . . law relating to the question of constitutionality"—properly limits the scope of its obligations.

2. The district court's proper resolution of the motion to compel is underscored by the reality that the United States has developed no evidence in connection with its intervention to turn over in response to discovery requests. ROA.21868 (United States' explanation that it conducted no factual investigation in connection with its intervention); *see also* ROA.21884. And a party has no right to discovery that is unlikely to lead to relevant information.[3] Fed. R. Civ. P. 26(b)(1); *see, e.g., Barron v. Wells Fargo Bank, N.A.*, No. A-12-CA-871-SS, 2013 WL 12121444, at *2 (W.D. Tex. Apr. 24, 2013).

## III. Park is not entitled to a writ of mandamus.

Park prays for two forms of mandamus relief: an order directing the district court to compel discovery from the United States and an order reversing the district court's interpretation of the "support or advocacy" clause of § 1985(3). Park has come nowhere close to making the extraordinary showing required to justify either remedy. Both requests are frivolous.

---

[3] Park's assertion (at 20–21) that the United States failed to object formally to her discovery requests ignores Western District of Texas Local Rule CV-16(e), which provides that "[t]he responding party has no obligation to respond and object to written discovery," when the party seeking discovery misses her discovery deadline.

**A.    Park cannot establish that an extraordinary writ should issue to reverse the district court's discovery order.**

Park cannot show "(1) that there is a 'clear and indisputable' right to the writ; (2) that there are 'no other adequate means to attain the relief' requested; and (3) that the appellate court's exercise of discretion to issue the writ would be 'appropriate under the circumstances.'"  *In re Jefferson Parish*, 81 F.4th 403, 409 (5th Cir. 2023) (quoting *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018)).  When a party seeks mandamus to control how a district court exercises its discretion, it must show that the district court "committed a clear abuse of discretion or engaged in conduct amounting to the usurpation of power." *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 310 (5th Cir. 2003) (quotation marks omitted).

Most saliently, because the issue Park raises "is 'effectively reviewable after trial,'" she has available to her an adequate form of relief.  *Jefferson Parish*, 81 F.4th at 416 (quoting *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1022 (5th Cir. 1997) (Jones, J., specially concurring)); *see supra* pp. 9–16.  Mandamus may not "'be used a substitute for the regular appeals process.'"  *Jefferson Parish*, 81 F.4th at 416 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).  That is true even if the court of appeals believes that the district court likely got a discovery issue wrong.  *See Leonard*, 38 F.4th at 490.  And Park has made no effort (nor could she) to demonstrate that she would suffer prejudice akin to irreparable harm in the absence

24

of this Court's immediate review of the denial of her motion to compel, so she is not entitled to extraordinary relief. *See Jefferson Parish*, 81 F.4th at 416–17.

Park likewise makes no attempt to show that it is clear and indisputable that the district court abused its discretion or usurped power in declining to reopen discovery when "there is no indication that the United States would have evidence relevant to this case." ROA.21884; *see Apache Bohai*, 330 F.3d at 310. Indeed, Park has not shown that the district court erred at all in denying her request. *See supra* pp. 16–22. Nor has Park explained why this is one of the "really extraordinary cases" in which mandamus is appropriate. *See Jefferson Parish*, 81 F.4th at 409 (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)).

Park's unadorned request for mandamus to require the district court to compel discovery fails.

**B.    Park cannot establish that an extraordinary writ should issue to reverse the district court's interpretation of the "support or advocacy" clause of § 1985(3).**

1. Park has twice before asked this Court for a writ of mandamus to address the district court's interpretation of the "support or advocacy" clause. *See In re Park*, No. 23-50585 (5th Cir.). On both occasions, this Court denied her petition, concluding that "[t]he issues raised are adequately reviewable on appeal." Order at 1, *In re Park*, No. 23-50585 (Jan. 9, 2024), Dkt. 96-1; *see also* Order at 11, *In re Park*, No. 23-50585 (Sept. 13, 2023), Dkt. 37-2 ("[P]etitioners have another adequate means to secure their requested relief."). Park now seeks to transform her appeal from a

discovery order into a third bid for mandamus directed at the district court's interpretation of § 1985(3). She does not explain why anything has changed since her two earlier attempts. Instead, she incorporates (at 27) her previously unavailing arguments by reference and again asks this Court to intervene. When it comes to mandamus, the third time is not the charm. Park may not seek mandamus review of this issue.

2. Park fails (once again) to demonstrate her entitlement to a writ of mandamus. Park has an adequate alternative remedy. If a final judgment is entered against Park on plaintiffs' claims, she can appeal from that judgment and this Court can resolve Park's argument then. *See* Order at 1, *In re Park*, No. 23-50585 (Jan. 9, 2024), Dkt. 96-1. Nor has Park shown that she will suffer irreparable harm in the absence of immediate relief. After all, even if the § 1985(3) claim were dismissed, the district court would have the discretion to proceed to trial on the state law claims. *See* 28 U.S.C. § 1367(a); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). Park, therefore, cannot invoke this Court's mandamus jurisdiction. *See Jefferson Parish*, 81 F.4th at 416–17.

Park has also failed to demonstrate an indisputable right to relief. Park's only effort to parse the "support or advocacy" clause incorporates by reference briefs she filed in the district court and in her earlier mandamus action. *See* Br. 27 (citing ROA.294-315, 2692-2746, 3951-59, 4582-83, 21570-86). But this court does not permit a party to incorporate into an appellate brief by reference the arguments it has

made below or in other proceedings.  *See Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394

n.10 (5th Cir. 2001); *Nugent v. Gaston*, 42 F.3d 641 (5th Cir. 1994) (per curiam)

(unpublished).  By failing to articulate her arguments in her opening brief, Park has

forfeited them.  *See Perillo v. Johnson*, 79 F.3d 441, 443 n.1 (5th Cir. 1996)

(incorporation by reference of arguments made in district court filings "is insufficient

to preserve error").  And even if Park had preserved her arguments, she cannot show

an *indisputable* right to relief.  *See* Order at 6, 10, *In re Park*, No. 23-50585 (Sept. 13,

2023), Dkt. 37-2 (expressing view that Park's petition raised serious questions);

ROA.10587 (recognizing "substantial ground for difference of opinion").

Park is not entitled to an extraordinary writ governing the interpretation of the

"support or advocacy" clause either.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this appeal for lack of jurisdiction or, alternatively, affirm the order of the district court. This Court should also deny Park's request for a writ of mandamus.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant*
*Attorney General*

JAIME ESPARZA
*United States Attorney*

GERARD SINZDAK

 /s/ Maxwell A. Baldi
MAXWELL A. BALDI
*Attorneys, Appellate Staff*
*Civil Division, Room 7513*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 532-0211*
*maxwell.baldi@usdoj.gov*

September 2024

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 6,844 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Maxwell A. Baldi*
MAXWELL A. BALDI